Alvin H. FRANKEL, Administrator of the Estate of Emery Koszoru, Deceased

v.

ALAN WOOD STEEL COMPANY and United Engineers and Constructors, Inc.

v.

W. V. PANGBORNE AND COMPANY, Inc.

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 126.

Civ. A. No. 29083.

United States District Court
E. D. Pennsylvania.

Nov. 5, 1962.

See also 201 F.Supp. 203.

Freedman, Landy & Lorry, by Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

John J. McDevitt, III, Philadelphia, Pa., for United Engineers and Constructors, Inc.

Thomas R. White, Jr., Philadelphia, Pa., for Alan Wood.

Howard R. Detweiler, Philadelphia, Pa., for W. V. Pangborne.

LaBrum & Doak, by Daniel J. Ryan, Philadelphia, Pa., for International Brotherhood of Elec. Workers, Local Union No. 126.

WOOD, District Judge.

The original action for damages on account of the death of one Emery Koszoru was brought against Alan Wood Steel Company (Alan Wood) and United Engineers and Constructors, Inc. (United). Alan Wood and United joined Koszoru's employer, W. V. Pangborne and Company, Inc. (Pangborne) as a third-party defendant, on the ground that Koszoru's death was due to the alleged negligence of Pangborne's employees. In turn, Pangborne joined the International Brotherhood of Electrical Workers, Local Union No. 126 (Union) as a third-

party defendant[1] on the ground that Koszoru's death was caused in whole or in part by the negligence of the Union, which through its duly authorized servants, agents and employees, acting in the course of its business, was in "control of and exercised supervision over the working conditions, instrumentalities and equipment in connection with the employment of plaintiff's decedent at the time of the accident." Finally, Alan Wood and United filed a motion for leave to join the Union as a third-party defendant.

We have under consideration the Union's motion for summary judgment in its favor and against Pangborne[2] and the motion of Alan Wood and United for leave to join the Union as third-party defendant.

■ The Union's first contention in support of its motion, that this Court lacks jurisdiction over the action between Pangborne and it for lack of diversity of citizenship of the parties, is completely meritless because it is well settled that a third-party action is ancillary to the main action and requires no showing of an independent basis for the Court's jurisdiction.

■ The Union's second contention is that on the basis of the depositions, affidavits and answers to interrogatories filed in support of its motion it is now apparent that Pangborne's allegations of Union control and supervision are completely without foundation.

Pangborne's allegations of Union control and supervision are based on the Union's responsibility, under its collective bargaining agreement with Pangborne, to supply qualified and competent workmen. Accordingly, the Union points

specifically to the following items in support of its contention of its lack of control and supervision:

(a) the employer, Pangborne, had the right to reject any applicant for employment;

(b) the Union, examining board, on the basis of written examinations, determined whether or not a member qualified;

(c) the training program of electrical workers was carried on as a joint activity of labor and management;

(d) the steward had absolutely no right to interfere with or control the work in progress; and

(e) the safety program designed to educate Union members on matters of safety was administered jointly by the joint safety committee outside the electrical industry and was a cooperative venture between labor and management.

The simple answer to this contention of the Union is that these facts do not prove that the Union was not in control; rather, they merely raise an issue as to whether or not the Union was in control —an issue which can only be resolved by the trier of the facts.

■ The Union's third contention is that Pangborne which is primarily liable may not seek indemnity or contribution of the Union which is merely secondarily liable.

We subscribe to this principle; but, here again, issues of fact exist as to which party is primarily liable and which party is secondarily liable and such issues can only be determined by the trier of the facts.

1. This action by Pangborne against the Union is properly designated a third-party action as it introduces a third party into the action of Alan Wood and United against Pangborne.

2. The Union's motion was for a dismissal of Pangborne's third-party action against

it for lack of jurisdiction and for failure to state a claim upon which relief can be granted. However, since it is supported by affidavits, depositions and answers to interrogatories it is treated as a motion for summary judgment. Federal Civil Rule 12(b).

The fourth and final contention of the Union relates to the amendment to the National Labor Relations Act, 29 U.S.C.A. § 158, as amended September 14, 1959, which makes it unlawful for an employer to discriminate against an employee for non-membership in a labor organization "if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership * * *." [3] It is the Union's contention that the provision in the collective bargaining agreement imposing upon the Union the responsibility to supply the employer with competent, qualified workmen for all electrical work was legislated out of the collective bargaining agreement by the aforesaid amendment.

In our judgment, there is no merit to this contention. The amendment in question became effective sixty days after its passage, that is, on November 13, 1959. Whatever effect the amendment has, if any, on a Union agreement to supply an employer with competent, qualified workmen entered into after its effective date is not material to the case at bar since here the collective bargaining agreement under which the Union assumed the responsibility to supply the employer, Pangborne, with competent, qualified workmen was entered into prior to the effective date of the amendment.

For reasons stated in the foregoing opinion, the Union's motion for summary judgment in its favor and against Pangborne will be denied.

We will grant the motion of Alan Wood and United for leave to join the Union as a third-party defendant. This motion was not filed within six months after the service of movants' answer on the plaintiff as required by Rule 19 of the Local Rules of this Court. However, this Court which adopted said Rule has the inherent power to suspend its operation if justified by the particular facts of the case. In this case, the exercise of said power is justified by the fact that the Union is already a party in this case, having been previously joined as a third-party defendant by Pangborne.

ORDER

AND NOW, in accordance with the foregoing opinion, it is this 5th day of November, 1962, ORDERED:

1. That the Union's motion for summary judgment in its favor and against Pangborne is denied; and

2. That the motion of Alan Wood and United for leave to join the Union as a third-party defendant is granted.