**George McKAIN, Plaintiff,**

**v.**

**STATES MARINE LINES, Defendant and Third-Party Plaintiff,**

**v.**

**JARKA CORPORATION OF PHILADEL-PHIA, Third-Party Defendant.**

No. 31372.

United States District Court
E. D. Pennsylvania.

April 19, 1963.

Joseph Weiner, of Freedman, Landy & Lorry, Philadelphia, Pa., for George McKain.

John W. Ennis, Jr., of Krusen, Evans & Byrne, Philadelphia, Pa., for States Marine Lines.

David L. Pennington, of Joseph R. Thompson, Philadelphia, Pa., for Jarka Corporation.

BODY, District Judge.

This action was originally brought in Common Pleas Court in Philadelphia County on May 5, 1961. On July 21, 1961 Jarka Corporation of Philadelphia (Jarka) entered an appearance pursuant to defendant's praecipe for a suit to join Jarka as third-party defendant. Subsequently, the Supreme Court of Pennsylvania ruled that joinder of an assumpsit action over against an additional defendant in a trespass action is improper under Pennsylvania law. Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A.2d 689 (1961). Then, on October 16, 1961 the parties stipulated to the withdrawal of the writ to join Jarka as additional defendant. The original parties agreed that the amount in controversy exceeds $10,000 and since diversity is

present a petition for removal to this Court was filed on May 1, 1962. The third party complaint was filed here on May 23, 1962. Joinder of Jarka was allowed by order of this Court on May 23, 1962.

Jarka now seeks dismissal of the suit against it on the ground that Local Rule 19, Rules of the United States District Court, Eastern District of Pennsylvania, does not permit joinder of an additional defendant when more than six months elapse between the filing of an answer and the motion to join.

There was a lapse of only twenty-three (23) days between the filing of petition for removal to this Court and the filing of the third-party complaint. There was no delay or neglect upon the part of defendant in the Common Pleas suit. The state of the law in 1961 was uncertain regarding the propriety of joinder in Pennsylvania. Defendant did all that he could have done to effectuate prompt joinder. Jarka cannot complain of a lack of notice.

My Brother, Judge John W. Lord, Jr. decided under circumstances similar to the facts in this case that a motion to dismiss the third-party complaint should be denied. Rodack v. National Development Co. v. Able Marine Maintenance Co., Civil Action No. 31749. The order entered therein denied the motion when a year and one-half had passed after the filing of the answer to the original complaint in Common Pleas Court.

It is my opinion that since the facts are sufficiently identical, Judge Lord's order should rule this case. It appears that defendant, third-party plaintiff, was at no time dilatory or derelict and that no prejudice will result to third-party defendant upon denial of the motion.

### ORDER

And now, this nineteenth day of April, 1963, pursuant to the above discussion, it is ordered that the Third-Party Defendant's Motion to Dismiss be, and the same is hereby denied.