Harry J. HAMMOND and Margaret J. Hammond, his wife

v.

Cecelia M. THORNTON.

Civ. A. No. 30299.

United States District Court
E. D. Pennsylvania.
June 19, 1963.

Wilfred R. Lorry, Joseph Weiner, Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

W. Glenn George and Ralph P. Higgins, Harper, George, Buchanan & Driver, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Under amended Rule 14(a) of the Federal Rules of Civil Procedure (which goes into effect on July 1, 1963), third-party actions may be started without leave of court if they are started within ten days of the service of defendant's answer on the plaintiff. However, if more than ten days have elapsed since service of the answer, leave of court must be obtained. This case involves a petition for such leave of court, the attempted third-party action having been started about thirteen months after service of the answer.

Defendant's explanation for her delay is that she did not start the action until she had a method of making service on the proposed third-party defendant who resides in Delaware where she could not be served in an action in this court. Shortly before defendant started her third-party action, the proposed third-party defendant started a suit in the state Court of Common Pleas of Philadelphia County on a claim for damages arising out of the same automobile collision as the claim in the present case.

The defendant says that by doing this, the proposed third-party defendant subjected herself to service in the third-party action in this court even though the accident happened in New Jersey, and the third-party defendant is a resident of Delaware.

Whether or not the proposed third-party defendant subjected herself to service in an action in this court by bringing a suit in Pennsylvania arising from the same accident as is involved in the present case need not be decided at the present time. It is sufficient to say that a good argument can be made that she did without deciding that the principle applies, (See Shellito v. Grimshaw, 367 Pa. 599, 81 A.2d 544 (1951)). Therefore, the defendant's explanation for her delay is a reasonable one and the starting of the third-party action will be permitted.

■ Rule 19 of this court provides that a motion by a defendant to bring in a third-party defendant shall be made within six months of the time of service of the defendant's answer on the plaintiff. The judges of this court have decided uniformly that this is not a rule of definite limitations, but rather that the court can grant permission to start a third-party action after the six months period if a reasonable explanation for the delay is given, See Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D.Pa.1962); Rodack v. National Development Co., Civil Action No. 31749 (E.D.Pa., Dec. 13, 1962); McKain v. States Marine Lines, 32 F.R.D. 425 (E.D.Pa., 1963). Consequently, local Rule 19 does not prevent me from granting permission to start the action in the present case.

### ORDER

And now, this 19th day of June, 1963, defendant Cecelia M. Thornton is granted leave as a third-party plaintiff to cause to be served upon Ruth C. Hood a summons and third-party complaint.