Stella McSPARRAN, Administratrix of the Estate of Clarence C. Collins, Deceased,

v.

Marvin H. GABLE and John P. Miller

v.

Joseph E. COLLINS.

Civ. A. No. 28997.

United States District Court
E. D. Pennsylvania.

Oct. 16, 1963.

Charles A. Lord, Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiff.

Gerald A. Dennehey, Philadelphia, Pa., for Marvin H. Gable.

Frank Bielitsky, Philadelphia, Pa., for John P. Miller.

David L. Pennington, Joseph R. Thompson, Philadelphia, Pa., for Joseph E. Collins, third-party defendant.

GRIM, District Judge.

Under amended Rule 14(a) of the Federal Rules of Civil Procedure, third-party actions may be started without leave of court if the third-party complaint is filed within ten days of the service of defendant's answer on the plaintiff. However, if more than ten days have elapsed since the service of the answer, leave of court must be obtained. In this case a defendant requests such leave of court in a petition filed approximately twenty-six months after service of his answer.

In late 1959 there was a three-car automobile collision on a Pennsylvania highway. X was a passenger in a car driven by A, the proposed third-party defendant. A's car struck, or was struck by a car driven by B, and shortly after this collision, A's car struck, or was struck by a third car driven by C.

The administratrix of the estate of X sued B and C as joint and several defendants. C joined A as a third-party defendant in April of 1961. B has moved to join A as a third-party defendant. This motion by B presents the problem now before the court.

An examination of the record in this case and a consideration of the policy surrounding Rule 14 compels the granting of this motion for the following reasons:

(1) The proposed third party is already a party in this case having previously been joined as a third party by another defendant. Thus

he is already familiar with the facts of this case. Moreover since he is represented by counsel in the case, service of the third-party complaint can be effected without any difficulty. Fed.R.Civ.P. 5(b).

(2) The proposed third-party complaint of B against A alleges the same facts as a basis for contribution as the third-party complaint of C against A already on file in this case since April 26, 1961.

(3) A has already answered C's third-party complaint by alleging that the accident was caused by B and C. Hence it does not appear that A would be prejudiced by the necessity of answering B's third-party complaint against him.

(4) Joinder of the B v. A action with the X v. B and C and the C v. A actions will avoid circuity of litigation and effectuate the efficient disposition at one time of all disputes between the parties arising out of the death of X in this automobile collision.

(5) Any prejudice that may develop at the time of trial to A's case due to insufficient time to prepare his defenses can be handled by the trial judge.

There is merit in the argument that joinder of third-party actions should not be permitted where the proposed third-party plaintiff has waited some twenty-six months to start his action especially where no substantial excuse has been offered for the delay. However, in this particular case, the factors outlined above demonstrate that no significant prejudice or evil has resulted from the delay. Frankel v. Alan Wood Steel Co., 31 F.R.D. 284, 287 (E.D.Pa.1962). In the interest of justice and the expeditious operation of the court, the motion to join A as a third-party defendant will be granted.

I am not unaware of our court's local Rule 19, which states:

"(a) A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint."

While this rule is phrased in mandatory terms, the judges who have construed it have decided that in the exercise of a proper judicial discretion, a judge may permit a third-party action to be started more than six months after a defendant's answer to the complaint has been served. See Frankel v. Alan Wood Steel Co., 31 F.R.D. 284, 287 (E.D.Pa.1962, Judge Wood); Rodack v. National Development Co., Civil Action No. 31749 (E.D.Pa., Dec. 13, 1962, Judge John W. Lord, Jr.); McKain v. States Marine Lines, 32 F.R.D. 425 (E.D.Pa.1963, Judge Body). Moreover, a construction that the local rule is mandatory, providing a six-months statute of limitations, would probably make it illegal as in conflict with amended Fed.R.Civ.P. 14(a) which provides that a third-party complaint may be served "[a]t any time after commencement of the action * * *."