Joseph EDWARDS

v.

UNITED STATES of America

v.

NORTHERN METAL COMPANY.

Stanley MALISZEDWSKI

v.

UNITED STATES of America

v.

NORTHERN METAL COMPANY.

Charles MASCUILLI

v.

UNITED STATES of America

v.

NORTHERN METAL COMPANY.

No. 229 of 1959, No. 231 of 1959, and No. 179 of 1959.

United States District Court
E. D. Pennsylvania.

Nov. 26, 1963.

As Amended Jan. 9, 1964.

Louis Samuel Fine, Philadelphia, Pa., for libellants.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., Daniel E. Leach, Alan Raywid, Admiralty & Shipping Section United States Dept. of Justice, Washington, D. C., for respondent.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for respondent-impleaded.

BODY, District Judge.

Each of the above-captioned cases arises out of an alleged maritime accident which occurred on May 1, 1959 aboard the USNS MARINE FIDDLER. Since the issues are the same, all three cases will be disposed of together.

The Mascuilli libel was filed on May 14, 1959 and the other two libels were filed on July 1, 1959. The United States filed answers in all three actions on February 28, 1961.

Motions to implead Northern Metal Company on an indemnity theory were filed by the United States on March 4, 1963. The motions were granted by this Court ex parte and without notice on March 13, 1963. Copies were served on Northern Metal Company on March 25, 1963, which company filed its Exception to the Impleading Petition on April 9, 1963.

**1018**

Since the motions to implead were granted without notice and upon the Court's belief that notice had been given and that the motions were unopposed, it is within the discretion of the same Court to vacate the order of March 13, 1963 and sustain Northern Metal Company's exception to the impleading petition.

Local Rule 19(a), Rules of Civil Procedure, Eastern District of Pennsylvania, requires:

> "A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) *shall* be made within six (6) months from the date of service of the moving defendant's answer to the complaint." (Emphasis supplied)

This rule is made applicable to Admiralty actions by Local Admiralty Rule 31, Eastern District of Pennsylvania. Admiralty Rule 56, Rules of Practice in Admiralty, provides for joinder and mentions no time limit. The United States claims that Rule 56 is inconsistent with the Local Rules of this Court.

Of course, if there is inconsistency, the rule promulgated by the Supreme Court of the United States should control. However, Admiralty Rule 56 provides for joinder at any time that the court may allow. "May", of course, implies discretion. That discretion is exercised in Local Rule 19. The requirement of six months is not meaningless as it would be if we allowed joinder here. Raymond v. West Africa Navigation, Ltd., 3 F.R.Serv.2d, 14a.132, Case 1 (Ed.Pa.1961).

The situation in these cases is not to be confused with the type of circumstances which give rise to the necessity of allowing untimely joinder. In McSparran v. Gable, 223 F.Supp. 127 (E.D. Pa.1963) joinder was allowed since the proposed third-party had already been joined by another defendant. Also see Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D.Pa.1962); Rodack v. National Development Co., C.A. No. 31749 (E.D.Pa. December 13, 1962);

McKain v. States Marine Lines, 32 F.R. D. 425 (E.D.Pa.1963).

The Advisory Committee note to F.R. Civ.P. 14(a), as amended 1963, and the language of the rule itself clearly leaves within the District Court Judge's discretion, the propriety of joinder beyond ten days from the filing of the original defendant's answer. In the ordinary circumstance Local Rule 19(a) provides an excellent guide to the exercise of that discretion.

### ORDER

And now, this twenty-sixth day of November, 1963, after consideration of oral argument and the briefs of counsel, it is ordered that the exceptions of the impleaded respondent, Northern Metal Company, to the impleading petition of respondent, United States of America, be and the same are hereby sustained and the impleading petitions are dismissed without prejudice.