James J. MEILINGER

v.

METROPOLITAN EDISON COMPANY.

Civ. A. No. 28932.

United States District Court
E. D. Pennsylvania.

Dec. 11, 1963.

———◆———

Marshall A. Bernstein, Harvey B. Levin, Elwood S. Levy and Bernstein & Bernstein, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Peter P. Liebert, 3rd, Philadelphia, Pa.; for defendant.

JOSEPH S. LORD, III, District Judge.

Defendant, Metropolitan Edison Company, seeks to join plaintiff's employer, William Higgins & Sons, Inc., of Buffalo, N. Y., as a third party defendant. Defendant alleges (1) that Higgins was negligent in the performance of the work;

(2) that Higgins agreed to indemnify defendant for all losses arising out of the work.

The accident happened on August 2, 1959. Suit was started December 5, 1960, and defendant's answer was filed on January 25, 1961. Thus, under our Local Rule 19(a), defendant had until July 25, 1961, to join Higgins. It is now thirty-four months after defendant's answer was filed. Defendant's attempted explanation for this long delay is its contention that Higgins could not have been served here under the Pennsylvania Business Corporation Act prior to the amendment of August 23, 1963, 15 P.S. § 2852–1011, subd. B. Before the amendment that section read:

> "B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising [out of acts or omissions of such corporation] within this Commonwealth. * * * *"

The amendment simply eliminated the bracketed words. Defendant points to Rufo v. The Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961) as authority for its contention that the warranty claim cannot be said to arise "out of acts or omissions * * * within this Commonwealth." Rufo indeed does seem to so hold, but it was the first holding to that effect,[1] and it was not decided until July 17, 1961, almost six months after defendant's answer was filed. Before Rufo, the law in this Circuit had been that the injury was the act contemplated by Section B. Florio v. Powder Power Tool Corporation, 248 F.2d 367 (C.A.3, 1957). We can hardly credit defendant with the prescience necessary to divine that the Pennsylvania Supreme Court would eventually disagree with Judge Biggs' opinion in Florio. Thus, defendant had six months, less eight days, within which it could have joined Higgins under the then applicable Pennsylvania law. The later holding in Rufo in no way explains this protracted initial delay.

▪ Extensive depositions of some eleven witnesses have been taken. The allowance of joinder now, thirty-four months after the answer was filed, would necessarily entitle the third party defendant to full discovery, the very least consequence of which would be duplication of time, effort and expense by plaintiff's counsel. Timely joinder, of course, would have obviated such duplication. In this respect, this case is unlike McSparran v. Gable (Gable v. Collins), 223 F.Supp. 127 (E.D.Pa., 1963), and Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D.Pa., 1962). In those cases, the tardily joined third party defendant had already been joined by another defendant and had fully participated in all discovery, so that duplication was not involved.

Rule 14(a) as amended July 1, 1963, provides:

> "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the

---

1. "This Court has never construed the meaning of this portion of Section B— i. e. 'actions arising out of acts or omissions of such corporation within this Commonwealth.'" Rufo v. The Bastian-Blessing Co., 405 Pa. 12, 18, 173 A.2d 123 (1961).

service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. * * *"

██ It is clear that where joinder is sought more than ten days following the filing of the answer, it can only be by leave of court, and this involves an exercise of the court's discretion. 3 Moore's Federal Practice, § 14.05. In my judgment, the initial factor to be considered in exercising that discretion is whether any prejudice will or may result. "Prejudice", in this sense, is broad enough to include prejudice not only to the litigants, but to the orderly processes of the court in the disposition of its docket. If there is no possibility of prejudice, either to the court or to litigants, joinder should be allowed, because, absent any prejudice, time, in and of itself, is unimportant. If there is a possibility of prejudice from the *delay* (and not merely from the joinder itself), the reasonableness of defendant's explanation or excuse then comes into play, and must be balanced against the resultant prejudice. Here, there is unquestionably at least a possibility of prejudice to plaintiff. Defendant could have effected joinder at any time between January 25, 1961, and July 17, 1961, when Rufo was decided.[2] We have been given no reason why joinder was not sought within that period. It is now too late.

## ORDER

And now, December 11, 1963, it is ordered that defendant's motion to join William Higgins & Sons, Inc., as a third party defendant be and it hereby is denied.

2. Actually, defendant's answer was not timely. Suit was started December 5, 1960. A timely answer filed by December 26, 1960, would have given defendant seven months before Rufo to join.