Kenneth F. CAMPBELL
and
Samuel A. Rosenblatt
v.
MEADOW GOLD PRODUCTS COMPANY, Beatrice Foods Company Division
and
Ethel Street.
Civ. A. No. 70–2183.

United States District Court,
E. D. Pennsylvania.
April 6, 1971.

Earl H. Parsons, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for Kenneth F. Campbell.

W. Glenn George, Harper, George, Buchanan & Driver, Philadelphia, Pa., for Meadow Gold Products Co.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for Ethel Street.

## MEMORANDUM OPINION AND ORDER

EDWARD R. BECKER, District Judge.

We are called to rule upon a three-pronged pleading motion which raises questions as to the proper manner of asserting a claim over for contribution and/or indemnity in an action which has been removed here from the state court.

The case arises out of an automobile accident which occurred in Philadelphia on June 7, 1968. In May 1970, just prior to the expiration of the statute of limitations on personal injury claims under Pennsylvania law, legal action was commenced in the Court of Common Pleas of Philadelphia County. Plaintiff Rosenblatt was a passenger in plaintiff Campbell's vehicle which was involved in an accident with a motor vehicle belonging to defendant Meadow Gold; the accident allegedly was con-

tributed to by a motor vehicle operated by defendant Street.

Within the time for filing an Answer, but after the statute of limitations had expired, defendant Meadow Gold filed an Answer and New Matter under the Pennsylvania Rules of Civil Procedure, § 2252(d), 12 P.S. Appendix, joining plaintiff Campbell as an additional defendant as to the claims asserted by the other plaintiff (Campbell's passenger) Rosenblatt. Thereafter, defendant Street was served, and, within the applicable time period, removed the matter to this Court, under the provisions of 28 U.S.C. § 1441 et seq. In this Court, defendant Street filed an Answer and Counterclaim against plaintiff Campbell. The Counterclaim alleged that Campbell was jointly liable as among joint tortfeasors, or liable over by way of indemnity for primary or active negligence.

This case now comes before the Court on plaintiff Campbell's pre-trial Motion (1) to dismiss, or, (2) in the alternative, to strike the Counterclaim of the defendant Street, and (3) to strike the New Matter of defendant Meadow Gold, which was filed in the State Court and removed here. Campbell asserts three arguments in support of this motion: (1) that since the two-year Pennsylvania statute of limitations bars any direct recovery by the plaintiff Rosenblatt against Campbell, neither Meadow Gold nor Street may join Campbell in this action; (2) even if defendant Meadow Gold's joinder under the Pennsylvania Rules was proper, the joinder fails to conform to the rules of this Court, since Meadow Gold has failed to sever and join plaintiff Campbell under Fed.R.Civ.P. 14, after removal; and (3) even if defendant Street has the right to assert a claim for contribution or indemnity against Campbell in this action, she may not do so by asserting a counterclaim, but only by severance and joinder of Campbell as a third-party defendant

pursuant to Fed.R.Civ.P. 14. We will deal with the arguments seriatim.

*I. Are Meadow Gold and Street Barred From Joining Campbell in a Claim for Contribution or Indemnity in This Action Because the Pennsylvania Statute of Limitations Has Expired, Thus Barring a Direct Recovery Against Him?*

 Campbell's first argument for dismissing the counterclaim of defendant Street and the joinder by Meadow Gold is that, in both instances, the two-year statute of limitations had run prior to the counterclaim, thereby barring joinder. This contention is without merit. Although the statute of limitations bars a direct suit against the additional defendant, and prohibits his joinder in an action for the tort on an allegation that he is alone liable, the cases hold that he may be joined after the applicable statute of limitations where the complaint indicates that the additional defendant is *liable over* to the original defendant or *jointly liable.* Wnek v. Boyle, 374 Pa. 27, 96 A.2d 857 (1953); Carlin v. Pennsylvania Power & Light Co., 363 Pa. 543, 70 A.2d 349 (1950). Furthermore, in an action for contribution or indemnity, the statute of limitations does not even begin to run until the cause of action accrues. Moffat v. Metropolitan Cas. Ins. Co., 238 F.Supp. 165 (M.D.Pa.1964). For these reasons, Meadow Gold and Street are not barred from joining Campbell as a third-party defendant for contribution or indemnity.

*II. Must the New Matter Joining Campbell as an Additional Defendant in the State Court, Removed Here, be Dismissed for Failure to Conform to Rule 14 of the Federal Rules of Civil Procedure?*

Campbell asserts that, notwithstanding the fact that defendant Meadow Gold properly joined him as an additional de-

fendant under the Pennsylvania practice, defendant's failure to sever and join him under Rule 14 of the Federal Rules of Civil Procedure after removal invalidates the joinder.

■ In approaching this argument, it must be noted at the outset that the Pennsylvania Rules and the Federal Rules differ procedurally and substantively in the matter of severance and joinder. However, they do not differ as they apply to the facts of this case. Although the Pennsylvania Rules, unlike the Federal Rules, allow the plaintiff to recover directly against a third-party defendant, even where the original defendant is exonerated, this result i. e., direct recovery, does not occur where, as here, the statute of limitations would bar a direct suit against the additional defendant. Zachrel v. Universal Oil Prod. Co., 355 Pa. 324, 49 A.2d 704 (1946). In *Zachrel*, the administratrix of decedent's estate brought a wrongful death action to recover damages for her husband's wrongful death resulting from an explosion of highly volatile gases. After the statute of limitations had expired, the defendant joined the decedent's employer on an allegation that the employer was solely liable. The court dismissed the joinder of the employer, holding, inter alia, that "[w]here the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable." *Id.* at 707. Thus, in the instant case, Campbell, as a third-party defendant, can only be liable to defendants Street and Meadow Gold for contribution or indemnity and cannot be liable under the Federal Rules or the Pennsylvania Rules directly to Rosenblatt.

■ Campbell's contention that this Court should dismiss the joinder by Meadow Gold because Meadow Gold has failed to comply with Fed.R.Civ.P. 14 by severance and joinder after Street removed the case from Common Pleas to

this Court is predicated, therefore, on purely procedural grounds. Meadow Gold contends that, having once perfected the joinder under the Pennsylvania Rules, plaintiff Campbell remains as an additional defendant once the case is removed to the Federal Court, and that joinder and severance under Rule 14 is unnecessary. This Court is of the opinion that the latter view is correct.

Fed.R.Civ.P. 81(c), dealing with actions removed to the Federal Court, states,

"These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure *after removal.*" (Emphasis added).

Prior to the case being removed, all substantive and procedural rights obtained in the state court action are carried over into the federal court and are treated as if done under the federal rules initially. As the court stated in Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963):

"The federal rules apply after removal and 'neither add to nor abrogate what has been done in the state court prior to removal' [citation omitted]. The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Id.* at 785.

We could, of course, require Meadow Gold to file a motion in compliance with Rule 14. To force the defendant to go through the mechanics of severance and joinder, however, would be only to duplicate what already had been done in the state court. The alignment of the parties and the incidents of joinder in this case are precisely the same under the two procedures. Since defendant Meadow Gold properly joined plaintiff Campbell under Pa.R.Civ.P. 2252(d), prior to removal, we hold that the joinder remains effective in the removed action, and that no motion under Rule 14 is required in order for plaintiff

Campbell to be held as a third-party defendant by way of contribution or indemnity to Meadow Gold. To hold otherwise and require joinder would be only to pile Pelion upon Ossa without approaching Olympus; it is not the function of the Court to create superfluous work for counsel.

### III. May a Claim for Contribution Against a Plaintiff be Asserted by a Counter-Claim Under Rule 13 Instead of by Severance and Joinder Under Rule 14?

Campbell's final argument is limited solely to the defendant Street. Campbell contends that Street has incorrectly counterclaimed against him for contribution and asserts that the proper procedure is to sever the cases and join him as a third-party defendant under Rule 14. This precise issue was recently raised in the Third Circuit case of Stahl v. Ohio River Co., 424 F.2d 52 (3d Cir. 1970). In that case, a husband, his wife and his minor child sued a barge owner for a collision between the husband's motorboat and a barge. Thereafter, the barge owner joined the towing company, which operated the barge, as a third-party defendant. The towing company then counterclaimed against the husband for contribution. The jury found the towing company liable to the wife and child but then awarded contribution over to the towing company from the husband in the amount of one-half the jury verdict. On appeal, the husband contended that the counterclaim by the towing company was improper, asserting that Rule 13(a) only provides for matured counterclaims. He further contended that the proper procedure was for the towing company to sever the claims and to join him as a third-party defendant under Rule 14.

The court agreed with the husband's contention and stated that:

"A claim for contribution is not a matured claim * * * because such claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor. Since Rule 13(e) has no provision which accelerates an unmatured claim, a claim for contribution may not be elevated to the subject matter of a counterclaim." Id. at 55. Accord Slavics v. Wood, 36 F.R.D. 47 (E.D. Pa.1964).

Although it held that a counterclaim was improper, the court noted that the procedural impropriety was a defect in form and not substance, and, therefore, the court merely remanded the case to the district court to amend the towing company's pleadings nunc pro tunc to conform with the procedure authorized under Rule 14.

Rule 14 permits a defendant to file "leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (emphasis added). At first blush, this rule would appear not to apply, since plaintiff Campbell is a party to the action, and Rule 14 speaks in terms of joining only those persons who were not a party to the original action. However, in Sporia v. Pennsylvania Greyhound Lines, Inc., 143 F.2d 105 (3d Cir. 1944), which has been reaffirmed by Stahl v. Ohio River Co., supra, the court held that Rule 14 could still apply to parties who were in the original action. The court noted that Rule 21 permits the court to exercise its discretion to allow a severance in matters before it. Since, upon severance, the third-party defendant would not have been a party to the original action, joinder under Rule 14(a) would then be proper. We therefore conclude that defendant Street's proper procedure should have been to seek a severance of the claims under Rule 21 and then to join plaintiff Campbell in the suit brought by plaintiff Rosenblatt against defendant Street under Rule 14(a). Consistent with the Stahl deci-

sion, the Court feels that the defendant Street should not be prejudiced by this ruling and therefore grants leave to amend the pleadings to conform with this opinion.[1]

---

1. We are cognizant of the fact that Local Rule 24 requires a motion under Rule 14(a) to be filed within six months from the date of service of the moving defendant's answer to the complaint, but:

"While this rule is phrased in mandatory terms, the judges who have construed it have decided that in the exercise of a proper judicial discretion, a judge may permit a third-party action to be started more than six months after a defendant's answer to the complant has been served." McSparran v. Gable, 223 F.Supp. 127, 128 (E.D.Pa. 1963). See also McKain v. States Marine Lines, 32 F.R.D. 425 (E.D. Pa.1963) ; Frankel v. Alan Wood Steel Co., 31 F.R.D. 284, 287 (E.D.Pa.1962). Street's answer was served in mid-August 1970. The joinder is only six weeks late, well within our discretion to allow.