**Harry Lee WRIGHT, Plaintiff,**

**v.**

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS, HEALTH AND WELFARE FUND, Defendant.**

**Civ. A. No. 77–1830.**

United States District Court, D. South Carolina, Greenville Division.

Dec. 1, 1977.

Joseph G. Francis, Jr., of Griffin & Howard, Greenville, S.C., for plaintiff.

David L. Freeman, of Wyche, Burgess, Freeman & Parham, P.A., Greenville, S.C., for defendants.

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

HEMPHILL, District Judge.

Plaintiff's motion for default judgment invites decision in this forum. In consideration of such issue the court has reviewed the official file in the Office of Clerk of Court, and presentations therein filed by opposing counsel, including an affidavit by plaintiff's counsel and a memorandum in opposition by defendant's counsel. For reasons herein stated, the motion is denied.

On or about August 10, 1977, plaintiff lodged with the Insurance Commission of

the State of South Carolina[1] his Summons and Complaint, dated August 8, 1977, and pursued in the County Court for Greenville County, South Carolina. On September 9, 1977, within the time[2] provided by federal rules, defendant filed petition and bond for removal of the case to federal court.[3] On September 12, 1977, within the five (5) days after the filing of the petition, defendant filed[4] its answer, as provided by Rule 81(c) [see note 2 infra].

■ Plaintiff insists that defendant was in default under state law. The fallacy of this reasoning is that state law does not control a case removed; where the state law conflicts with federal law, in removal cases, the latter applies. Once removal occurs, the federal rules take over and govern the time for answering. In dealing with the status of removed litigation in *Federal Practice and Procedure*, Wright notes in Volume 14 at Section 3738:

> The removed case proceeds according to the federal rules of civil procedure and is treated as though it had been commenced originally in the federal court.

See Volume 14, Section 3738 at page 746. See also page 750 and cites at Footnote 18.

■ Plaintiff had not taken a default judgment in the state court at the time of removal. Had he secured a default judgment before removal, it would be subject to motion to vacate in federal court, and this motion would have been determinable not under the state law but under the federal rules of civil procedure. In setting aside a default judgment taken in state court prior to removal, the court of appeals of the Ninth Circuit in *Butner v. Neustadter*, 324 F.2d 783 (1963) had the following to say

1. Sec. 15–9–270. Service on insurance companies.

The summons and any other legal process in any action or proceeding against it shall be served on an insurance company as defined in § 38–1–20, including fraternal benefit associations, which shall have appointed the Chief Insurance Commissioner as its attorney pursuant to the provisions of § 38–5–80, or which shall be subject to the provisions of § 38–53–50, only by delivering two copies thereof to the Chief Insurance Commissioner, or the Secretary of State, as the case may be, as such attorney of such company with a fee of four dollars, and such service shall be deemed sufficient service upon such company. When legal process against any such company with the fee herein provided is served upon the Chief Insurance Commissioner, or the Secretary of State, as the case may be, he shall forthwith forward by registered or certified mail one of the duplicate copies prepaid directed toward the company at its home office or, in the case of a fraternal benefit association, to its secretary or corresponding officer at the head of the association.

2. Rule 81(c), Federal Rules of Civil Procedure, provides: Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest. If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefore is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. . . .

3. 28 U.S.C. § 1441(a) provides: Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Fed.R.Civ.P. 5(d) and (e) provides: Service and Filing of Pleadings and Other Papers

(d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter.

(e) Filing With the Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

with respect to the applicability of the federal rules following removal:

The federal rules apply after removal and "neither add to nor abrogate what has been done in the state court prior to removal." *Talley v. American Bakeries Co.*, 15 F.R.D. 391, 392 (E.D.Tenn.1954). The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.

324 F.2d at page 785.

The motion is denied.

AND IT IS SO ORDERED.