**ARMOUR AND COMPANY, a Delaware Corporation, Plaintiff,**

v.

**Frank JONES, Defendant and Third Party Plaintiff,**

v.

**TAHLEQUAH MILL AND ELEVATOR and First National Bank of Tahlequah, Third Party Defendants.**

No. 78–97–C.

United States District Court, E. D. Oklahoma.

Sept. 18, 1978.

Loyal J. Roach, Tulsa, Okl., for plaintiff.

Jon M. Masters, Tahlequah, Okl., Riley Brock, Oklahoma City, Okl., for defendant and third party plaintiff Frank Jones.

Richard Gibbon, Tulsa, Okl., for third party defendant Tahlequah Mill and Elevator.

Andrew Wilcoxen, Muskogee, Okl., for third party defendant First National Bank of Tahlequah.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff Armour and Company brings this diversity action seeking to recover on a promissory note executed by Defendant Frank Jones. Jones has filed a Counterclaim against Plaintiff and a Third Party Complaint against Tahlequah Mill and Elevator (Tahlequah Mill) and First National Bank of Tahlequah (First National Bank). The matter is now before the Court for consideration of Plaintiff's Motion to Strike Third-Party Complaint and the Motions of Tahlequah Mill and First National Bank to dismiss Jones' Third Party Complaint. Said parties have each filed a brief in support of their respective motions and Jones has filed a response to the same. As the motions all involve the validity of Jones' Third Party Complaint, the Court will treat said motions simultaneously.

The moving parties seek to have Jones' Third Party Complaint dismissed on the basis that it fails to meet the requirements of Rule 14, Federal Rules of Civil Procedure, for a proper third party action. They assert that the Third Party Complaint sets forth a claim that is separate and apart from Plaintiff's claim in the original action and is not contingent upon Plaintiff's recovering therein against Jones on the note. First National Bank additionally maintains that the Third Party Complaint is improper under Rule 14(a), *supra*, as it was filed ten days after service of Jones' original Answer without leave of Court and notice to the parties in the action.

In his response to the motions now before the Court, Jones maintains that Rules 13(a) and (h), 19 and 21, Federal Rules of Civil Procedure, support his Counterclaim against the Plaintiff and his Third Party Complaint against Tahlequah Mill and First National Bank. He argues that those rules permit him to join additional parties necessary to the adjudication of his Counterclaim against Plaintiff as his Counterclaim and "crossclaim" arise out of the same transaction and occurrences which created the note sued upon by Plaintiff in the original action. He states that the question of joinder is not controlled by Rule 14.

To the extent Jones' response to the motions at issue discusses Rules 13(a) and (h), 19 and 21 with regard to the joinder of Tahlequah Mill and First National Bank as additional parties to Jones' Counterclaim against the Plaintiff, the same is not applicable to the motions before the Court. The Court is concerned at this point only with the validity of Jones' Third Party Complaint against Tahlequah Mill and First National Bank.

■ Third party practice in the Federal courts is governed by Rule 14, Federal Rules of Civil Procedure, which provides in pertinent part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.

If a defendant files a third-party complaint within ten days after serving his original answer, he need not secure leave of the court; if he attempts to implead a party after that period, he must obtain leave on motion upon notice to all parties to the action. Rule 14(a), *supra; see State Mutual Life Assurance Co. v. Arthur Andersen & Co.,* 65 F.R.D. 518 (S.D.N.Y.1975); *Meilinger v. Metropolitan Edison Co.,* 34 F.R.D. 143 (E.D.Pa.1963); 6 Wright & Miller, *Federal Practice and Procedure :* Civil § 1453, at 287 (1971). In this case, Jones served his original Answer on May 4, 1978. He then served his Third Party Complaint upon Tahlequah Mill on May 24 and upon First National Bank on May 25, without obtaining leave of Court in either instance. Under such circumstances, Jones' Third Party Complaint is subject to a motion to strike. *See* Wright & Miller, *supra,* § 1454, at 292.

■ In addition, Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." A third-party claim may be asserted under this rule only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. *See, e. g., Gaines v. Sunray Oil Co.,* 539 F.2d 1136, 1139 n. 7 (Eighth Cir. 1976); *Parr v. Great Lakes Express Co.,* 484 F.2d 767 (Seventh Cir. 1973); Wright & Miller, *supra,* § 1446, at 246. The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. Wright & Miller, *supra.* An examination of the pleadings filed in this case reveals that Plaintiff brings the original action against Jones to recover on a promissory note. Jones' Third Party Complaint appears to allege a conspiracy between Tahlequah Mill and First National Bank involving the Bank's use of its economic power to force Jones to purchase products from Tahlequah Mill. The Third Party Complaint contains no allegations that either Tahlequah Mill or First National Bank are or may be liable to Jones for Plaintiff's claim against Jones on the note. Accordingly, the Court finds and concludes that Jones has not alleged a valid third-party action against either of the proposed third-party defendants.

In view of the foregoing, the Court grants Plaintiff's Motion to Strike Third-Party Complaint, Tahlequah Mill's Motion to Dismiss Third Party Complaint and the Motion of Third Party Defendant, First National Bank of Tahlequah, to Dismiss Third Party Complaint of Defendant, Frank Jones. Accordingly, Jones' Third Party Complaint is hereby dismissed as to all Third-Party Defendants.

It is so ordered this 18 day of September, 1978.