**E. Jerome BROSE and Karl K. LaBarr, Jr., Assignee in Trust of First Valley Bank**

v.

**INTERNATIONAL FIDELITY INSURANCE COMPANY.**

**Civ. A. No. 81–1599.**

United States District Court, E. D. Pennsylvania.

Sept. 16, 1982.

E. Jerome Brose, Easton, Pa., pro se.

Robert F. Cushman, C. J. Rillo and D. W. Worrell, Philadelphia, Pa., for Intern. Fid. Ins.

Dawn MacPhee, Asst. U. S. Atty., Philadelphia, Pa., for U.S.A.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A perfected security agreement between E. Jerome Brose and Karl L. LaBarr, Jr., as assignees in trust for the First Valley Bank (plaintiffs) and Horlacher Brewing Company (Horlacher) gave plaintiffs priority over all liens which might be asserted against Horlacher. Pursuant to the agreement, Horlacher received six hundred thousand dollars ($600,000.00) from plaintiffs who collateralized the loan with rights to all Horlacher contracts, accounts receivable and other assets. Sometime thereafter, Horlacher contacted defendant, International Fidelity Insurance Company (IFIC), and sought a $15,000 Federal Brewers Bond. IFIC refused to act as surety unless Horlacher issued to it a $15,000 irrevocable letter of credit. Horlacher agreed to do so.

In July of 1978 IFIC grew apprehensive regarding its potential liability on the Brewers Bond and presented the irrevocable letter of credit to the bank. The bank thereafter paid IFIC the $15,000, thereby extinguishing the letter of credit. At approximately the same time, the Internal Revenue Service (IRS) notified the parties that it sought to levy on the $15,000 in order to satisfy unpaid taxes.

Plaintiffs originally instituted suit in the Court of Common Pleas of Northampton County, Pennsylvania, asserting that the IRS lien was a nullity since IFIC had satisfied its bonding requirements prior thereto and, importantly, IFIC had not been called upon to cover any Horlacher obligations thereunder. Hence, plaintiffs urge that, pursuant to the security agreement, the money detained by IFIC is rightfully theirs under either a contract or accounts receivable theory. Faced with conflicting demands by plaintiffs and the IRS, IFIC placed the money in an interest-bearing account and impleaded a number of parties. The United States Commissioner of Internal Revenue is one of them; he removed the matter to this Court. 28 U.S.C. §§ 1442, 1444.

IFIC's motion to be discharged from this action and from all liability with respect to the conflicting claims of plaintiffs and the IRS is currently at bar. The motion is unopposed and will be granted. Plaintiffs, however, oppose IFIC's request for conditional counsel fees to cover the costs for their defense of this matter. We now turn to this issue.

Plaintiffs initially argue that because the interpleader action was filed prior to removal, IFIC's right to recover attorney fees and costs must be determined by reference to state law. *See,* 42 Pa.C.S.A. § 2503. We disagree and decline to follow state attorney fee interpleader rules because after removal, the federal court takes the case "as it finds it and treats everything that occurred in state court as if it had taken place in federal court". *Bunter v. Newstadter,* 324 F.2d 783, 785 (9th Cir. 1963). *Accord, Wright v. Central States, Southeast and Southwest Areas, Health and Welfare Fund,* 440 F.Supp. 1235, 1236 (D.S.C.1977) ("State law does not control a case removed; where the state law conflicts with federal law ... the latter applies"); *Camp-*

*bell v. Meadow Gold Products Co.,* 52 F.R.D. 165, 168 (E.D.Pa.1971) (After removal, pleadings are "treated as if done under federal rules initially".) *See generally, Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.,* 87 F.R.D. 152, 154 (E.D.Pa.1980); Fed.R.Civ.P. 81(c). Accordingly, we conclude that any award of counsel fees and costs must be pursuant to federal law.

Recognizing that any award of fees which it may recover from the interpleader fund cannot prejudice the government's asserted tax lien, *Campagna-Turano Bakery, Inc. v. United States,* 632 F.2d 39, 41 (7th Cir. 1980); *Bank of America National Trust & Savings Ass'n. v. Mamakos,* 509 F.2d 1217, 1219 (9th Cir. 1975); *Spinks v. Jones,* 499 F.2d 339, 340 (5th Cir. 1974), IFIC moves for an order awarding it fees in excess of $7,600.00 upon the condition that plaintiffs, and not the IRS, ultimately prevail.

Plaintiffs, resisting any potential award to IFIC from the corpus of the fund, argue that such an award would defeat the purpose of an interpleader action: preservation of the fund for the proper recipient. Additionally, plaintiffs assert that attorney fees generated by IFIC in the interpleader action are within the normal course of their business and that any award is, therefore, inappropriate. *See e.g., Minnesota Mutual Life Ins. Co. v. Gustafson,* 415 F.Supp. 615, 617–18 (N.D.Ill.1976).

The priority of a counsel fee award, whether conditional or unconditional, is committed to the sound discretion of the trial court which considers what is "appropriate" under the circumstances. *Mutual of Omaha Ins. Co. v. Dolby,* 531 F.Supp. 511, 516 (E.D.Pa.1982) (Becker, Circuit Judge; sitting by designation). The positions taken by plaintiffs and the IRS subject IFIC to a "real risk of vexatious, conflicting claims", *Manufacturer's Life Ins. Co. v. Johnson,* 385 F.Supp. 852, 854 (E.D. Va.1974) (quotations omitted); as such, we conclude that they are entitled to counsel fees upon the condition that plaintiffs ultimately prevail.

In properly exercising our discretion to award fees we must, of course, make an informed decision as to the amount of time reasonably expended by IFIC counsel in their successful effort to extricate their client from this litigation. However, we cannot properly discharge this function on the record currently at bar. Affidavits submitted by IFIC aver that highly qualified counsel expended 98.5 hours on this matter and that an award of $7,604.25 is warranted; this figure represents slightly more than half of the corpus of the interpleader fund. At this juncture we simply cannot discern whether all the hours which counsel for IFIC worked on the case were necessary to bring this matter to its current posture. Indeed, the long, expensive hours expended by IFIC are perplexing and troublesome in light of the fact that IFIC's unopposed interpleader petition consisted of nine pages and that its answer to the government's complaint in interpleader is only four pages. By so noting, we do not imply that each hour expended by counsel should correlate to some specific amount of docketed material or briefs. Rather, we simply observe that there is no indication from the docketed material that this matter took so long to prepare. Indeed, based upon the relative paucity of difficult legal issues which have so far imbued the case, we find it difficult to imagine how 98.5 hours were spent on the file. *Cf. In re: National Ruskin, Inc.,* 22 B.R. 207 (Bkrtcy.E.D.Pa.1982) (specifying the contents of an appropriate fee petition).

Counsel for IFIC, seeking to justify the fee award, aver that the interpleader was of "unusual complexity" in that the action was originally instituted in state court and subsequently removed. However, as plaintiffs properly point out, the interpleader was accomplished while the case was pending in state court. We are, therefore, unsure how a subsequent removal petition complicated the preparation of the previously-filed interpleader.

We conclude that IFIC is entitled to a conditional fee award but only upon a properly documented and supported request.

Accordingly, we grant IFIC's motion to discharge it from this action and from further liability with respect to claims here at issue. However, we deny without prejudice its request for a conditional award of counsel fees in the amount of $7,604.25. An appropriate order will issue.