960 F.2d 1187
 22 Fed.R.Serv.3d 291
 Paul K. SCHAKE, George W. Henglein, Gus Dauka, Richard B.
Andrews, Theodore Krupa, Ralph Ashenbaugh, E.E. Knapek,
Robert R. Vlah, Thomas H. Wills, Edmund M. Werries, Jr.,
George Brown, John McKain, Earl Chapman, William L. Gleason,
R.C. Young, John E. Grimm, Kenneth M. Janke, Henry L.
Taylor, A.H. Sheline, Louis Young, Jr., Carl J. Myers, Earl
Chapman, Albert Morrison, J.D. Balser, A. Barrasso, C.R.
Blazier, J.P. Bressanelli, E.C. Calvin, T.M. Costello, H.
Farrington, E.R. Finger, R. Fronko, E.R. Guerra, R. Hansen,
D. Heldman, R.T. Hopper, R. Johnson, Jr., E.T. Jones, R.
Kao, P.A. Keys, W.J. Kofalt, S.W. Kohler, R.H. Lewis, M.
Mitrovich, M.A. Molchan, C. Murray, G.V. Peterson, W.J.
Popp, D.E. Powell, R.W. Prentice, W.C. Price, L.E.
Raykovics, T.R. Reed, J.W. Reider, K.E. Sanders, M. Sarver,
A.E. Six, E.H. Spaziani, J.R. Tice, D.A. Townley, R.
Trbovich, R.T. Turner, D.W. Ware, J.A. Whitfield, T.
Williams, Jr., A.J. Yanni, H. Yute, W.I. Zazwirsky, and
Additional Plaintiffs Bressanelli, Costello, Popp, and
Trbovich, also Join in the Allegations Made Under Count IX
of the Pending Complaint and Join in the Demand for a
Judgment Awarding Severance Pay
J.L. Cerasi, S. Christy, A.P. Dimarzio, N.G. Frederick, A.J.
Golutz, P. Grubbs, J.D. Hamacher, Jr., J.K. Hile, H.M.
Howell, R.W. Knallay, T. Kominitsky, W. Lake, D.F. Laneve,
W.R. Livingston, A.J. Lynn, H. Mraunac, M.R. Muckian, D.B.
McClain, G.C. Pescion, J. Presutti, M.J. Rose, J.W. Scholtz,
J.F. Suffoletta, F.S. Thornberry, Jr. Adopt the Allegations
of Paragraph 1 thru 3 of Pending Complaint and Allegations
of Paragraphs 4 through 72, Counts I thru VII of Said
Complaint and Join in the Demand for Judgment
R.L. Appledorn, M.I. Harpham, D.P. Kerr, A.J. Pasko, Jr.,
W.W. Simpson, G.T. Weekley as to paragraphs 1 thru
3 of complaint and Counts I thru VIII
and Counts XII and XIII of
first amended complaint
L.C. Albacker, J.W. Bagosi, H.W. Bigielman, F.C. Bucholz,
A.J. Decosta, M. Degrande, A. Diciccio, C.J. Dimarzio, R.J.
Dougherty, M. Ferlaino, J.N. Flara, R. Gott, R.S. Hogsett,
R.P. Kullen, R.A. Lippert, J. Lutton, E.L. Marsh, F.
Matsukas, H.J. Mercer, A.R. Middleton, L.V. Nagle, H.S.
Pease, III, W.H. Stephens, K.E. Thomas, J.A. Nuzzo, K.G.
Wassman, Jr., D.L. Westfall as to Counts II, III, VII, and
VIII of first Amended Complaint
J.O. Bauer, P. Castellano, L. Gordon, J. Haaf, K. Johns,
W.H. Orr, M.L. Sherry, J.E. Smith as to Counts II,
III, IV, and VII of first amended complaint
(Additional plaintiffs--joined 11/4/86) John R. Butchko,
John R. Kundick, and Theodore Lehmann, Appellees,
v.
COLT INDUSTRIES OPERATING CORPORATION SEVERANCE PLAN FOR
SALARIED EMPLOYEES,
Colt Industries Operating Corporation Severance Plan for
Salaried, Nonunion Employees, Appellant.
 No. 91-3476.
 United States Court of Appeals, Third Circuit.
 Argued Jan. 28, 1992.
Decided April 2, 1992.
Rehearing and Rehearing In Banc Denied May 4, 1992.
 
 William H. Powderly, III (argued), Paula E. Ganz, Joan C. Zangrilli, Jones, Day, Reavis & Pogue, Pittsburgh, Pa., Shelby Hoover, Jones, Day, Reavis & Pogue, Washington, D.C., for appellant.
 James J. Ahearn (argued), Ligonier, Pa., for appellees.
 Before MANSMANN, HUTCHINSON and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This action raises an interesting issue concerning the time limits the parties to a lawsuit have to file motions for prejudgment interest, costs, and attorney's fees and the jurisdictional authority of the district court to act on such motions. After the entry of an amended summary judgment against Colt Industries Operating Corporation Severance Plan for Salaried, Nonunion Employees (the Plan) on October 11, 1990, counsel for the Plan participants filed a motion ninety-seven days thereafter, requesting the United States District Court for the Western District of Pennsylvania to award the participants prejudgment interest, costs, and attorney's fees. The court granted the motion and purported to retain jurisdiction to determine the amount of attorney's fees and costs to be awarded and for resolving differences with respect to the amounts of basic severance pay to which the participants were entitled.
 
 
 2
 The court granted the motion on the theory that its earlier order entering summary judgment, as directed by this court on remand, was not a final judgment but an interlocutory order. The Plan opposed the motion as untimely and asserted that the district court lacked jurisdiction to grant the motion. The district court granted the movants' prayer for relief and the Plan appealed. We reverse.
 
 I.
 
 3
 The facts underlying this appeal are summarized in Frank v. Colt Industries, Inc., 910 F.2d 90 (3rd Cir.1990). The Plan initially was not a named party to this lawsuit. The original defendants were Colt Industries, Inc. (Colt) and Colt Industries Operating Corporation (CIOC), named subsequently as an additional defendant.[1] On April 18, 1985, the district court granted summary judgment for Colt and CIOC on all counts except those concerning severance pay benefits. On appeal, this court vacated the judgment and remanded the case to the district court with directions to dismiss all claims in the complaint except the severance pay issue. Schake v. Colt Industries, Inc., 791 F.2d 920 (3rd Cir.1986). On October 21, 1987, the district court filed a memorandum opinion in which it granted summary judgment for the Plan. This court vacated the district court's decision to deny severance benefits to the plaintiffs and remanded the case with instructions to reconsider it in light of Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). On remand, the district court held that it had reached the correct result under the standard established in Bruch and entered summary judgment on behalf of the Plan in this action and in the consolidated lawsuit of Frank v. Colt Industries Inc, No. 83-2510 (W.D.Pa.1989). On appeal, this court held that summary judgment should be affirmed as to three of the individuals who had sought benefits from the Plan but should be reversed as to the remaining individuals who are entitled to the severance pay provided under the Plan, appellees herein. Frank, 910 F.2d 90.[2] Accordingly, on September 19, 1990, this court issued a certified judgment reversing the district court's judgment and directing the court to enter summary judgment against the Plan and in favor of listed individuals. The judgment did not order any award of prejudgment interest, costs, or attorney's fees.
 
 
 4
 On September 27, 1990, the district court entered a judgment incorrectly directed against CIOC instead of the Plan. The Plan filed a timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure requesting that: (1) judgment not be entered against CIOC because it was not a defendant and the appellate mandate directed entry of judgment against the Plan; (2) the district court expressly declare that the appellees were not entitled to prejudgment interest, costs and attorney's fees; and (3) judgment not be entered against the Plan in violation of the Plan's terms that payment of benefits must obtain requisite approvals. The district court amended its September 27 judgment by order dated October 11, 1990, to direct entry of judgment against the Plan rather than CIOC. The district court did not assess any interest, costs, or attorney's fees. The Plan paid benefits directly to appellees at the end of December, 1990.
 
 
 5
 On January 16, 1991, the appellees filed a "Motion that the Court Expressly Declare the Employees' Entitlement to Pre-Judgment Interest and Attorney's Fees." No new facts were alleged. The Plan filed a response claiming that the appellees' motion was untimely and that the district court lacked jurisdiction to entertain it. On April 18, 1991, without opinion, the district court adopted and issued the order suggested by the appellees, additionally stating that "the Court will retain jurisdiction with respect to the determination of the amount of attorney's fees and costs to which the Plaintiffs are entitled and for the purpose of resolving differences between the parties with respect to the amounts of basic severance pay to which the Plaintiffs are entitled."
 
 
 6
 The Plan filed a motion under Rule 59(e) to alter or amend the district court's order of April 18, asserting that the district court lacked jurisdiction to issue that order. On June 19, 1991, without opinion, the district court denied the Plan's motion. The Plan timely appealed.
 
 II.
 
 7
 An award of prejudgment interest and attorney's fees to a prevailing plaintiff in an ERISA case is within the discretion of the district court and may only be reversed for abuse of discretion. Ursic v. Bethlehem Mines, 719 F.2d 670, 674-75 (3rd Cir.1983). However, a district court's failure to apply the prescribed time limitations concerning motions for interest and attorney's fees makes its action subject to plenary review. See Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3rd Cir.1990) (while reasonableness of attorney's fees award is reviewed for abuse of discretion, whether the trial court applied proper standards is question of law subject to plenary review); Ursic, 719 F.2d at 674 (because sufficiency of evidence is a matter of law, lack of evidence to support award of attorney's fees is tantamount to legal error subject to plenary review). Because the district court failed to apply the appropriate standards in granting prejudgment interest, costs, and attorney's fees to appellees, our review is plenary.
 
 
 8
 The district court implemented this court's mandate of September 19 by entering judgment in favor of the appellees on September 27, 1990. More than three months later, the appellees filed a motion requesting prejudgment interest, costs, and attorney's fees. On April 18, 1991, without any articulated rationale, the district court granted the appellees' motion. The district court lacked jurisdiction to issue this order for two reasons.
 
 
 9
 First, the district court was without jurisdiction to issue the April 18 order because its earlier order of September 27, amended October 11, 1990, constituted a final and appealable judgment. An order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," is a "final order." See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (quotation omitted). The appellees submit that the October 11 order was not a final order within the meaning of Rule 54(b) because it did not adjudicate all of the claims, rights, and liabilities of the parties.[3] The district court, they argue, retained jurisdiction because the April 18 order did not determine the amounts of base severance pay, attorney's fees, and costs to which the prevailing employees were entitled.
 
 
 10
 The appellees further contend that even if the district court had disallowed interest, costs, and attorney's fees in accordance with the Plan's 59(e) motion, the court's order would have remained interlocutory because the court would have to determine whether one employee, John Kundick, should be paid "key" severance or the lesser severance amount payable to non-key employees. The appellees also note that deference must be shown to the district court's order which purported to retain jurisdiction. See Township of Bensalem v. American Fidelity Fire Ins. Co., 644 F.2d 990, 994 (3rd Cir.1981) ("we should not be quick to review, under a flexible reading of our jurisdictional grant, an issue which the trial court considers to be unfinished business"). However, a court cannot create jurisdiction with the stroke of a pen when it does not exist.
 
 
 11
 In this court's September 19, 1990 opinion, we concluded that "there are no remaining disputes as to the terms of the Plan ... the remaining plaintiffs are entitled to the severance pay provided under the Plan. Accordingly, we will remand to the district court with instructions to enter summary judgment in favor of these plaintiffs." 910 F.2d at 102. Thus, this court resolved all substantive issues, closing the litigation. We intended for the district court to issue a "final order" which it did on September 27, 1990. The final judgment was properly amended on October 11 to designate the Plan as the entity with liability for the judgment. The district court, however, had no authority, six months after issuing a final judgment in this case, to enter an order purporting to retain jurisdiction with respect to the determination of the amount of attorney's fees and costs to which the appellees are entitled.
 
 
 12
 The appellees' argument concerning John Kundick fails for the same reason. In the previous appeal of this case, after inquiry at oral argument, this court concluded that "[t]he parties agree as to the amounts provided by the 'Basic Severance Benefit' and the 'Key Executive Benefit,' as well as which plaintiffs were classified as key executives and which were not." Frank, id. at 93. Moreover, the appellees' January 16, 1991 motion did not mention any dispute as to the amount of benefits; the sole complaint was that the court award contained no provision for prejudgment interest, costs, or attorney's fees. It is only in this appeal that the appellees voice their complaint with the amount of Kundick's benefits and state that they "cannot agree ... that the district court was without jurisdiction to overrule [determinations made by the Plan as to Kundick]." However, absent a timely appeal, the lower court's jurisdiction ended with entry of final judgment on September 27, with or without the "agreement" of the appellees.
 
 
 13
 The second reason the district court lacked jurisdiction to grant the appellees prejudgment interest, costs, and attorney's fees is because the appellees failed to apply for such interest within the time limits established by law. The United States Supreme Court has held that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment." Osterneck v. Ernst & Whinney, 489 U.S. 169, 176, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989). Therefore, they must be timely filed within 10 days of entry of the final judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Id. at 175-76, 109 S.Ct. at 991.[4] We recently applied this dictate in Keith v. Truck Stops Corp. of America, 909 F.2d 743, 746 (3rd Cir.1990). Thus, because the granting of prejudgment interest is discretionary under ERISA, ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and because the appellees filed their motion for prejudgment interest outside of the 10 days allowed, the district court had no authority to grant the motion.
 
 
 14
 Unlike prejudgment interest, the Supreme Court has held that a request for attorney's fees need not be made within ten days as a motion to alter or amend a judgment pursuant to Rule 59(e). White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166-67, 71 L.Ed.2d 325 (1982). The White Court recognized, however, that district courts may adopt local rules establishing timeliness standards for the filing of requests for attorney's fees. Id. at 454 n. 17, 102 S.Ct. at 1168 n. 17. The district court in this case has done so.
 
 
 15
 Local Rule 33 governs the timeliness of post-judgment motions for attorney's fees in the District Court for the Western District of Pennsylvania:
 
 
 16
 Any motion for the award of attorney's fees which is not required to be filed prior to the entry of final judgment shall be filed within 10 days of entry of the final judgment by the district court whether or not an appeal has been or is subsequently filed.
 
 
 17
 W.D.Pa.R. 33 (emphasis added).
 
 
 18
 Appellees filed their motion for attorney's fees under the provisions of section 502(g)(1) of ERISA, which grants federal courts the discretion to allow "a reasonable attorney's fee and costs of action to either party," but does not automatically mandate an award to a prevailing party. Due to the discretionary nature of this provision, the appellees' motion for attorney's fees is governed by Local Rule 33. The appellees did not file their motion within the ten day time frame required by Local Rule 33.[5] Rather, they filed their motion more than three months after the issuance of the district court's final judgment and after the Plan had distributed the severance benefits to them in compliance with that judgment.
 
 
 19
 Although the dissent acknowledges, as it must, that the district court lost jurisdiction over the merits because of its issuance of a final order, the dissent nonetheless relies on the rule that "we do not have jurisdiction over the question of attorney fees until they are quantified." (Concurring and dissenting opinion at 1195). It reaches this result, even though it acknowledges the plaintiffs' motion for attorney's fees was indisputably "untimely," on the basis that "district courts may suspend the application of local rules for cause." Id. at 1195 (emphasis added). However, the plaintiffs never made an application to suspend Rule 33 and have not shown cause to do so.
 
 
 20
 When the district court amended its judgment on October 11, 1990, in response to the Plan's motion, the Plan specifically requested the district court to declare, inter alia, that the plaintiffs were not entitled to attorney's fees. The plaintiffs filed no response, and even after the matter of attorney's fees was thereby called to their attention, filed no cross-motion. The district court did not assess attorney's fees and did not suspend the application of Local Rule 33, then or later. When the appellees finally got around to their motion for attorney's fees on January 16, 1991, they gave no cause for the delay and the district court's order entered pursuant thereto merely stated that it would retain jurisdiction when in fact it had lost jurisdiction over the case several months before. The court clearly did not suspend Rule 33.
 
 
 21
 A fundamental principle of justice is that a case must come to an end; it should not be protracted interminably either because of the carelessness or ineptness of counsel or the indolence of a court. At a time when courts complain, and properly so, that their caseloads are overwhelming and for this and other reasons judicial resources are taxed to their utmost, another remand to the district court here with instructions to apply Local Rule 33, as suggested by the dissent, is in no way prudentially or factually justified.
 
 
 22
 Additionally, the district court failed to apply the five factor standard we adopted in Ursic, 719 F.2d 670, to be applied in considering whether to grant an application for attorney's fees and costs under ERISA section 502(g)(1).[6] Although some courts permit a more flexible approach than our five-step analysis, courts agree that some rationale must be given to support an award under section 502(g)(1). See Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 828 (7th Cir.1984) (stating that district court's discretion to grant attorney's fees "is not to be exercised without any criteria; it is not unlimited" and discussing five factor test laid out by other circuits); Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1265-66 (5th Cir.1980) (noting that ERISA does not mandate an award of attorney's fees to a prevailing party and stressing the importance of articulated reasons for the awarding of such fees).
 
 
 23
 The appellees note that the district court had the advantage of eight years of exposure to this litigation and the benefit of three of our opinions concerning the obligations of the Plan. Thus, they contend, the court had an adequate basis for examining the five factors, even though it did not do so in an opinion. Appellees further assert that "[i]n the course of preparing a truly final order which determines the amount of attorney's fees to be paid by the defendant Plan, [the district court] would have the opportunity to expressly comment with respect to the Ursic factors if it deemed such a comment to be appropriate." However, not only was the September 27 order a "truly final order," thus precluding jurisdiction by the district court, but the court further erred in offering no explanation for its decision to award attorney's fees.
 
 III.
 
 24
 In summary, the district court's order of September 27, 1990, as amended October 11, was a final and appealable order. Thus, the appellees had ten days after entry of the order to move for prejudgment interest as allowed by the Supreme Court in White. They also had ten days after entry of final judgment to move for attorney's fees pursuant to Local Rule 33. Because the appellees did not make a timely motion or seek to suspend the application of Rule 33 for cause, the district court erred in granting the appellees prejudgment interest, costs, and attorney's fees. Moreover, the court offered no explanation for its decision to assess attorney's fees and costs against the appellant; the record is devoid of any standard, much less the analysis set forth in Ursic. Finally, the appellees' transparent argument as to the status of John Kundick cannot create jurisdiction for the district court.
 
 IV.
 
 25
 Accordingly, the judgment of the district court will be reversed and the case remanded with directions to enter an order denying the appellees' motion for prejudgment interest, costs, and attorney's fees. Costs taxed against the appellees.
 
 
 26
 MANSMANN, Circuit Judge, concurring and dissenting.
 
 
 27
 Because I believe that our precedent indicates that we do not have appellate jurisdiction over a district court's unliquidated award of attorney fees, I respectfully dissent from that part of the majority opinion addressing attorney fees. I concur with the remainder of the opinion.
 
 A.
 
 28
 I note first that the lack of finality regarding attorney fees does not preclude our jurisdiction over a final decision of the district court. For purposes of appeal, attorney fees are separate from the merits. See Colon v. Hart (In re Colon), 941 F.2d 242, 245 (3d Cir.1991); Confer v. Custom Eng'g Co., 952 F.2d 41, 44 (3d Cir.1991).
 
 
 29
 The district court's dictum regarding its retention of jurisdiction to "resolv[e] differences between the parties," see majority at 1190, does not preclude our jurisdiction either. Given that our 1990 decision settled all disputes, the district court must have included its 1991 statement--about "resolving differences"--in order to remind the parties of its authority to enforce its own orders in proceedings supplementary to and in aid of a judgment. Fed.R.Civ.P. 69. A district court's authority to issue a writ of execution does not destroy the finality of a judgment for purposes of appeal.[1]
 
 
 30
 The unquantified award of prejudgment interest is final, because the calculation of an award of prejudgment interest at a specified or statutory rate is a mechanical endeavor; the award leaves nothing to be done but to enforce the judgment by execution. See, e.g., St. Louis, Iron Mountain and Southern Ry. v. Southern Express Co., 108 U.S. 24, 28-29, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883) (final order ends litigation on merits and leaves nothing to be done but to enforce by execution what has been determined).
 
 
 31
 Therefore, I agree with the court's implicit holding that we have jurisdiction over a final decision, and I concur in the judgment that the district court lacked jurisdiction to award prejudgment interest on April 18, 1991.B.
 
 
 32
 I dissent, however, from the court's exercise of jurisdiction over the unquantified award of attorney fees and from the court's view that the district court lacked jurisdiction to entertain an untimely motion for attorney fees.
 
 
 33
 First, I would hold that we do not have appellate jurisdiction. We have consistently ruled that an unliquidated award of attorney fees is not final for purposes of appeal. See Confer, 952 F.2d at 44; see also Colon, 941 F.2d at 245. The court's tacit departure from that rule today can only be explained by the unusual circumstances of this case: the district court's issuance of a "final order" at a time when the court had already lost jurisdiction over the merits. Notwithstanding these particular circumstances, I would adhere to the rule and hold that we do not have jurisdiction over the question of attorney fees until they are quantified.
 
 
 34
 Second, I would not hold--as the court appears to have done--that the expiration of the 10-day limit of Local Rule 33 deprived the district court of jurisdiction. The court correctly notes that a request for attorney fees need not be made within the 10-day limit of Rule 59(e) that delays of longer than three months have been deemed timely and that the 10-day limit of Local Rule 33 governs a motion for attorney fees in ERISA cases. Without reference to any precedent, however, the court implies that the plaintiffs' failure to comply with Local Rule 33 somehow deprived the district court of jurisdiction to hear the motion. Majority opinion at 1193. I disagree.
 
 
 35
 "[A] local rule of procedure cannot possibly affect the jurisdiction of the court." John F. Kennedy Mem. Hosp. v. United States (In re Grand Jury Matter), 802 F.2d 96, 100 (3d Cir.1986). If the Federal Rules do not create a jurisdictional bar to a late request for attorney fees, then the local rule creates only a procedural bar.
 
 
 36
 Without a doubt, the plaintiffs' request was untimely under Local Rule 33, but district courts may suspend the application of local rules for cause. See Hammond v. Thornton, 33 F.R.D. 291, 292 (E.D.Pa.1963) (local rule requiring that third-party action be brought within six months is not a rule of definite limitations and the action may be brought if reasonable explanation for delay is given); Frankel v. Alan Wood Steel Co., 31 F.R.D. 284, 287 (E.D.Pa.1962) (court that adopted rule has inherent power to suspend it, if justified); see also Campbell v. Meadow Gold Products Co., 52 F.R.D. 165, 170 n. 1 (E.D.Pa.1971). Here, especially where there appears to be an ongoing dispute among the parties, the district court might determine that there is cause to suspend application of Local Rule 33. Although we might be inclined to disagree, that is a determination for the district court to make in the first instance.
 
 
 37
 Therefore, even if I agreed that we have jurisdiction on the question of attorney fees, I would remand. I would instruct the district court to apply Local Rule 33 and then, if it were to suspend the rule's application, to apply the Ursic factors.
 
 
 
 [1]
 CIOC was the successor-in-interest of appellees' former employer, Crucible Inc. Both corporations were wholly-owned subsidiaries of Colt. The Plan became the defendant in this lawsuit in 1986 after this court ordered that appellees' claims for benefits must be asserted against the ERISA plan that provides those benefits. Schake v. Colt Industries, Inc., 791 F.2d 920
 
 
 [2]
 Because we sustained the district court's entry of summary judgment against the sole plaintiff in the consolidated Frank lawsuit, that case is closed and is no longer consolidated with this action
 
 
 [3]
 Rule 54(b), "Judgment Upon Multiple Claims or Involving Multiple Parties," provides:
 ... any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [4]
 It is undisputed that prejudgment interest typically is granted to make a plaintiff whole because the defendant may wrongly benefit from use of plaintiff's money. Stroh Container Co. v. Delphi Industries, Inc., 783 F.2d 743, 752 (8th Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). However, this principle is constrained by the Court's decision in Osterneck
 
 
 [5]
 The appellees also failed to file a timely motion to this court. We allow 30 days to file applications for attorney's fees. 3rd Cir.R. 27 (April 1988). Due to late filing, our Clerk denied appellate costs on August 23, 1990, additionally noting that "costs were not taxed in EITHER appeal."
 
 
 [6]
 The factors are: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. 719 F.2d at 673
 
 
 [1]
 If, on the other hand, the district court meant that it would continue to revisit the merits of the underlying litigation, then the order would not be a final decision for purposes of 28 U.S.C. § 1291. I fully agree that the district court cannot "create jurisdiction with the stroke of a pen" (majority opinion at 1191), but if it has erroneously asserted jurisdiction, we may not compound the error by fabricating our own jurisdiction. Without a final decision, we simply do not have jurisdiction under § 1291. To appeal the error, the appellants must either wait for a final judgment, or seek a writ of mandamus. See Delgrosso v. Spang & Co., 903 F.2d 234 (3d Cir.) (issuing writ instructing district court), cert. denied, --- U.S. ----, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990)
 Because I do not read the district court's April 18 order as continuing the case on the merits, I regard it as a final decision and conclude that we have appellate jurisdiction.