

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-1998

# Fotta v. Trustees UMWA

Precedential or Non-Precedential:

Docket 97-3619,97-3663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Fotta v. Trustees UMWA" (1998). *1998 Decisions.* Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 18, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-3619

ABRAHAM FOTTA, individually and on behalf of
all other persons similarly situated,

      Appellant/Cross-Appellee

v.

TRUSTEES OF THE UNITED MINE WORKERS OF
AMERICA, HEALTH AND RETIREMENT FUND OF 1974;
MICHAEL H. HOLLAND; DONALD E. PIERCE; ELLIOTT A.
SEGAL; JOSEPH STAHL, II,

No. 97-3663

ABRAHAM FOTTA, individually and on behalf of
all other persons similarly situated,

v.

TRUSTEES OF THE UNITED MINE WORKERS OF
AMERICA, HEALTH AND RETIREMENT FUND OF 1974;
MICHAEL HOLLAND; DONALD PIERCE; ELLIOTT SEGAL;
JOSEPH STAHL, II,

TRUSTEES OF THE UNITED MINE WORKERS OF
AMERICA 1974 PENSION TRUST; MICHAEL HOLLAND;
DONALD PIERCE; ELLIOTT SEGAL and JOSEPH STAHL,

      Appellees/Cross-Appellants

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No.: 97-cv-00566)

Argued September 15, 1998

Before: SLOVITER, SCIRICA and ALITO, Circuit Judges

(Filed: December 18, 1998)

Peter M. Suwak (Argued)
Washington, PA 15301

 Attorney for Appellant/Cross-
 Appellee

Glenda S. Finch
 Deputy General Counsel
Christopher F. Clarke (Argued)
 Assistant General Counsel
UMWA Health and Retirement
 Funds
Office of the General Counsel
Washington, D.C. 20008

 Attorneys for Appellees/Cross-
 Appellants

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal calls upon us to decide whether the beneficiary of an employee plan may bring an action under the Employee Retirement Income Security Act, 29 U.S.C. S 1001 et seq. ("ERISA") against the plan to recover interest on benefits the plan paid after some delay, but without the beneficiary's having sued under ERISA for the benefits. Relying on both ERISA and state-law theories, Abraham Fotta brought such an action against the Trustees of the United Mine Workers of America Health and Retirement Fund of 1974 ("the Trustees"). The district court dismissed the ERISA count for failure to state a claim upon which relief may be granted and dismissed the pendent state claims without prejudice. Fotta appeals the dismissal of the

2

ERISA count and the Trustees cross-appeal to have the state claims dismissed with prejudice.

I.

Fotta's complaint alleges the following: While employed as a miner, Fotta was covered by a United Mine Workers-administered pension plan that provided, among other things, disability insurance. Fotta suffered a work-related injury on July 24, 1984, rendering him totally and permanently disabled. A considerable time after the injury, and only after the Pennsylvania Supreme Court upheld the causal relationship between Fotta's work and his disability under the Pennsylvania Workmen's Compensation Act, Fotta v. Workmen's Compensation Appeal Board, 626 A.2d 1144, 1147 (Pa. 1993), the Trustees granted Fotta disability benefits, with an effective date of September 1, 1993. The Trustees, however, later revised this effective date and granted Fotta disability benefits effective August 1, 1984. Accordingly, Fotta received a lump-sum back payment of $21,600 reflecting disability benefits from August 1, 1984, to September 1, 1993. Fotta then demanded interest on this back payment, which the Trustees refused.

Fotta sued the Trustees in the district court for the Western District of Pennsylvania. The three-count complaint seeks recovery under ERISA and, alternatively, under state-law theories of breach of contract and unjust enrichment. The Trustees moved to dismiss, arguing that the first count failed to state a claim under ERISA and that the remaining state-law counts were preempted by S 514(a) of ERISA, 29 U.S.C. S 1144(a). The district court dismissed the ERISA count for failure to state a claim and then dismissed the remaining state-law counts without prejudice under 28 U.S.C. S 1367, stating that there was no longer federal jurisdiction over the case. We exercise plenary review over the district court's grant of a motion to dismiss. Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

II.

This appeal raises an issue of first impression for this court: whether a beneficiary who has been able to receive his or her benefits due under an ERISA plan only after

3

considerable delay, but without resorting to litigation to recover that payment, has a cause of action under ERISA. None of the other circuits has yet addressed the issue either. The district courts that have addressed the question are divided: two have held such claims for interest non-cognizable under ERISA, see Devito v. Pension Plan of Local 819 I.B.T. Pension Fund, 975 F. Supp. 258 (S.D.N.Y. 1997); Scott v. Central States Pension Plan, 727 F. Supp. 1095 (E.D. Mich. 1989), and one has ruled that ERISA does provide a cause of action for interest, see Hizer v. General Motors Corp., 888 F. Supp. 1453 (S.D. Ind. 1995).

Fotta invokes two of ERISA's civil-enforcement provisions, sections 502(a)(1)(B) and 502(a)(3)(B), codified at 29 U.S.C. SS 1132(a)(1)(B) and 1132(a)(3)(B) respectively. The first of these provisions, section 502(a)(1)(B), is the means by which an ERISA plan beneficiary is authorized to sue to recover benefits under the plan. This subsection states in relevant part: "A civil action may be brought . .. by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan . . . ." The second of these provisions, ERISA section 502(a)(3)(B), permits a plan beneficiary "to obtain other appropriate equitable relief (i) to redress [violations of ERISA or of the terms of an ERISA plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan."

The Trustees emphasize, and Fotta acknowledges, that Congress has not explicitly provided a cause of action for interest on delayed benefits payments. The parties further agree that no provision in the plan itself specifically establishes Fotta's entitlement to interest. The Trustees contend that because neither the statute nor the plan expressly provides for the relief that Fotta seeks, Fotta's claim must fail.

A.

We disagree with the Trustees' contention that the lack of an express provision for interest in ERISA is necessarily fatal to Fotta's claim. In enacting ERISA, Congress intended for the judiciary to develop a body of federal law"to deal with issues involving rights and obligations under private

welfare and pension plans." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987) (quoting 120 Cong. Rec. 29,942 (1974) (statement of Sen. Javits)). This is, of course, not a boundless grant of authority; the development of federal common law under ERISA is appropriate only when "necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." Bollman Hat Co. v. Root, 112 F.3d 113, 118 (3d Cir. 1997) (quotation marks and citation omitted). Accordingly, we must first determine whether recognition of a cause of action for interest under one of ERISA's enforcement provisions is a proper exercise of the court's power to develop the law of remedies under ERISA.

It is of considerable moment that we have previously recognized that a beneficiary may seek prejudgment interest in a suit to recover benefits due, notwithstanding the lack of an express directive from Congress to that effect. In Schake v. Colt Industries Operating Corp. Severance Plan for Salaried Employees, 960 F.2d 1187, 1192 n.4 (3d Cir. 1992), we acknowledged, albeit in passing, that prejudgment interest was available in actions to recover benefits under ERISA (although we ultimately found that the claimant's failure to timely request such interest deprived the court of jurisdiction to award interest). We reiterated and amplified this ruling in Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1010 (3d Cir. 1992). What is even more significant, we did so while acknowledging that ERISA does specifically provide for prejudgment interest in another class of actions--lawsuits to recover delinquent employer contributions under 29 U.S.C. S 1132(g)(2)(B). Id. at 1009. "In recognizing the availability of a discretionary award of prejudgment interest in Schake and Anthuis, we embraced the Eighth Circuit's reasoning in Stroh Container Co. v. Delphi Industries, Inc., 783 F.2d 743 (8th Cir. 1986), and Short v. Central States Pension Fund, 729 F.2d 567 (8th Cir. 1984). In the latter case, the court set forth the rationale for the recognition of prejudgment interest: "To allow the Fund to retain the interest it earned on funds wrongfully withheld would be to approve of unjust enrichment. Further, the relief granted would fall short of making [the claimant] whole because he has been denied the use of money which was his." Short,

5

729 F.2d at 576. Adopting these precepts, we held in Schake, and reiterated in Anthuis, that "prejudgment interest typically is granted to make a plaintiff whole because the defendant may wrongfully benefit from use of plaintiff's money." Schake, 960 F.2d at 1192 n.4; Anthuis, 971 F.2d at 1009.

The Trustees do not take issue with the holdings in these cases. On the contrary, they approve the cases where the courts have awarded prejudgment interest when tied to an underlying judgment on the merits, notwithstanding the lack of explicit statutory authority for such interest. Instead, the Trustees seek to distinguish the award of prejudgment interest in the circumstance where benefits have been recovered from that where the beneficiary brings an independent action solely to recover the interest, arguing that the claim for benefits is expressly provided in section 502(a)(1)(B). This was essentially the position of the district courts in Devito and Scott.

We believe the distinction is unpersuasive. The principles justifying prejudgment interest also justify an award of interest where benefits are delayed but paid without the beneficiary's having obtained a judgment. The concerns animating our decisions in Schake and Anthuis--viz., making the claimant whole and preventing unjust enrichment--are not diminished merely because the plan has paid the overdue benefits without the claimant having resorted to litigation to secure payment. A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation.

Unjust enrichment principles also apply with equal force in this setting. To hold that the absence of a judgment deprives the injured beneficiary of the time value of his or her money would create a financial incentive for plans to delay payment and thus retain interest that rightfully belongs to the beneficiary. Accord Hizer, 888 F. Supp. at 1461.

B.

We are also unpersuaded by the Trustees' argument that Fotta's claim for interest is not cognizable because it is one

that seeks "extracontractual damages" within the contemplation of the Supreme Court's opinion in Massachusetts Mutual Ins. Co. v. Russell, 473 U.S. 134, 144 (1985). Indeed, Russell was the principal basis for the district court's denial of interest in this case. To be sure, the Russell Court rejected a beneficiary's effort to invoke ERISA's fiduciary obligations as a means of recovering damages arising from delayed benefits. In so doing, however, the Russell Court held no more than that the civil-enforcement provision relating to breaches of fiduciary duty does not provide the claimant with a cause of action for consequential and punitive damages. The court expressly reserved the issue whether any of ERISA's other civil-enforcement provisions might authorize the kind of relief sought in Russell: "Because respondent relies entirely on S 409(a), and expressly disclaims reliance onS 502(a)(3) [permitting an action for "other appropriate equitable relief "], we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracontractual damages." 473 U.S. at 139 n.5.

Moreover, we do not find that an interest claim is "extracontractual" within the intendment of the Russell opinion. Unlike the plaintiff in Russell, Fotta is not seeking consequential or punitive damages. Fotta's complaint, accepted as true for present purposes, seeks interest as a compensatory remedy--that is, to compensate him fully for the Trustees' several-year-long delay in discharging their contractual responsibility to Fotta. Interest for late payment has long been regarded as an implicit part of a contractual obligation to pay money. This principle was recognized by the Supreme Court more than a century ago: "Every one who contracts to pay money on a certain day knows that, if he fails to fulfill his contract, he must pay the established rate of interest as damages for his nonperformance. Hence it may correctly be said that such is the implied contract of the parties." Spalding v. Mason, 161 U.S. 375, 396 (1896) (internal quotation marks omitted). And more recently, the Court noted that "prejudgment interest traditionally has been considered part of the compensation due plaintiff." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989).

Consequently, we find that a cause of action for interest on delayed benefits payments is not foreclosed by either the

7

terms of ERISA or the terms of the plan. We further conclude that section 502(a)(3)(B) of ERISA--allowing a beneficiary to sue for "other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan"--is the appropriate vehicle for such a cause of action. This conclusion is consistent with our holding in Anthuis that the awarding of prejudgment interest under ERISA is within the district court's discretion, "given in response to considerations of fairness and denied when its exaction would be inequitable." 971 F.2d at 1009 (alteration and quotation marks omitted). Indeed, prejudgment interest is generally recognized as an equitable remedy in other legal contexts. See Liberty Lincoln–Mercury v. Ford Motor Co., 134 F.3d 557, 574 (3d Cir. 1998) (Prejudgment interest is an equitable remedy under New Jersey law.); Hughes v. Consol–Pennsylvania Coal Co., 945 F.2d 594, 616 (3d Cir. 1991) ("When deciding whether to award prejudgment interest to a party, a court must consider `whether countervailing equitable considerations militate against such a surcharge.' ").

Hence, Fotta's claim for interest is appropriately raised under Section 502(a)(3)(B), the civil–enforcement provision relating to equitable relief.1 In this regard, the Trustees' argument that an interest award cannot be equitable because it is an award of money (as opposed to an injunction) misses the mark. As noted above, the awarding of interest where benefits have been unjustifiably delayed not only ensures full compensation, but also serves to prevent unjust enrichment. Restitution--the traditional remedy for unjust enrichment--is widely, if not universally, regarded as a tool of equity. See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570 (1990) (Money damages are considered equitable when "they are restitutionary."); Porter v. Warner Holding Co., 328 U.S. 395, 402 (1946) (differentiating, under the Emergency Price Control Act of 1942, between statutory damages at law and restitutionary relief falling within the statutory grant of equity jurisdiction).

_____

1. Although we do not reject section 502(a)(1)(B) as providing a possible statutory bases for such a claim, we need not reach the issue in light of our decision.

8

In reaching this conclusion, we are mindful that the Supreme Court has shown an "unwillingness to infer causes of action in the ERISA context, since that statute's carefully crafted and detailed enforcement scheme provides `strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.' " Mertens v. Hewitt Associates, 508 U.S. 248, 254 (1993) (quoting Russell, 473 U.S. at 146–147). But in recognizing that an action for interest may be maintained as an action for "other appropriate equitable relief "under ERISA, we do not run afoul of this caution. To be sure, section 502(a)(3)(B) "does not . . . authorize `appropriate equitable relief' at large, but only`appropriate equitable relief' for the purpose of `redress[ing any] violations or ... enforc[ing] any provisions' of ERISA or an ERISA plan." Mertens, 508 U.S. at 253 (brackets in original). As we noted above, payment for the time value of money, when appropriate, is an implicit term of the underlying contractual obligation. Therefore, an award of interest is an equitable remedy enforcing an ERISA plan provision, albeit an implied one, within the meaning of section 502(a)(3)(B).

In sum, by permitting this action to go forward, we are not "engraft[ing] a remedy on a statute . .. that Congress did not intend to provide." Russell, 473 U.S. at 145 (internal quotation marks omitted). Rather, we effectuate ERISA's objectives by recognizing, under principles of equity, that beneficiaries should be fully compensated and that any unjust enrichment of plans at beneficiaries' expense should be avoided.

We reject the Trustees' argument that we are without authority to recognize Fotta's claim. To the contrary, ERISA requires that we develop the law of ERISA so as to define the proper remedial scope of the statute. See Russell, 473 U.S. 134, 157 (Brennan, J., concurring) ("ERISA was not so `carefully integrated' and `crafted' as to preclude further judicial delineation of appropriate rights and remedies; far from barring such a process, the statute explicitly directs that courts shall undertake it."); Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Littlejohn, 155 F.3d 206, 208 (3d Cir. 1998) ("In a situation where the statute does not provide explicit instructions, it is well settled that

9

Congress intended that the federal courts wouldfill in the gaps by developing, in light of reason, experience, and common sense, a federal common law of rights and obligations imposed by the statute.").

We therefore hold that a beneficiary of an ERISA plan may bring an action for interest on delayed benefits payments under section 502(a)(3)(B) of ERISA, irrespective of whether the beneficiary also seeks to recover unpaid benefits. Because the remedy we recognize here is equitable in nature, its award involves an exercise of judicial discretion. And, like other equitable remedies, it is subject to equitable defenses such as laches, an issue the district court did not consider as it dismissed the complaint on motion. As this case will be remanded for the district court to exercise its discretion, we note that this court has held in other contexts that there is a presumption in favor of awarding interest. See Brock v. Richardson, 812 F.2d 121, 127 (3d Cir. 1997) (holding that award of pre-judgment and post-judgment interest is presumptively granted in back-pay cases under the FLSA). In Stroh Container Co., the Eighth Circuit applied that presumption in an ERISA case, stating that interest "should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." 783 F.2d at 750. That statement was quoted approvingly by this court in Anthuis. 971 F.2d at 1010. We now make explicit that interest is presumptively appropriate when ERISA benefits have been delayed.

III.

In their cross-appeal, the Trustees urge that the district court erred in dismissing Fotta's state-law claims without prejudice for lack of subject matter jurisdiction. The Trustees contend that the court continued to have federal question jurisdiction over those claims by virtue of the "complete preemption" doctrine. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354 (3d Cir. 1995) (explaining complete preemption). Furthermore, the Trustees urge that the state-law counts should be dismissed with prejudice because they are preempted by section 514(a) of ERISA, 29 U.S.C. S 1144(a). The Trustees' arguments may have merit. But because Fotta conceded at

10

oral argument that he will not pursue his state-law claims in the event that his first count is found cognizable under ERISA, we need not decide these issues.

IV.

For the foregoing reasons, we will reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

ALITO, Circuit Judge, concurring:

I am in general agreement with the opinion of the court. Under Section 502(a)(3) of ERISA, 29 U.S.C. S 1132(a)(3), an ERISA beneficiary may bring a civil action "to obtain other appropriate equitable relief . . . to redress" a violation of the plan. If the plaintiff in this case can establish that the trustees violated the plan by failing to pay his benefits on time, an award of interest would constitute "appropriate equitable relief." Such an award is recognized as appropriate equitable relief in comparable circumstances under the law of trusts. See Restatement (2d) of Trusts S 207 at 470 (1959); 3 Austin Wakeman Scott and William Franklin Fratcher, The Law of Trusts S 207.1 at 262-63 (4th ed. 1987); Nedd v. United Mine Workers of America, 556 F.2d 190, 207 (3d Cir. 1977); Toombs v. Daniels, 361 N.W.2d 801, 810 (Sup.Ct.Minn. 1985). Thus, this is not a case like Massachusetts Mutual Ins. Co. v. Russell, 473 U.S. 134 (1985), in which we are asked to supplement the remedies specified in the statute.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

12